SENTENCIA
(Regla 50)
Nos corresponde evaluar si el Tribunal de Apelaciones erró al no emitir una orden que permitiera la continuación de los procedimientos del caso de epígrafe ante el Tribunal de Primera Instancia. Por entender que la actuación del foro apelativo intermedio contraviene la celeridad y diligencia que debe prevalecer en la solución de la presente controversia de alto interés público, expedimos el presente recurso al amparo de la Regla 50 del Reglamento de este Tribunal, infra, y revocamos la resolución recurrida. Como consecuencia, y cónsono con nuestros pronunciamientos anteriores, ordenamos la continuación de los procedimientos ante el Tribunal de Primera Instancia. Ello, sin perjuicio del derecho que le asiste al Estado de acudir ante este Tribunal en el término establecido por ley para solicitar la correspondiente revisión de la sentencia emitida por el Tribunal de Apelaciones el pasado 1 de julio de 2014.
A continuación, exponemos un resumen de los hechos pertinentes a la controversia particular que nos ocupa hoy.
*424 I
Durante el trámite procesal del presente caso, este Tribunal enfatizó en dos ocasiones que tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones debían atender la controversia planteada por las partes con prontitud. Al respecto, en la primera ocasión que denegamos una petición de certificación intrajurisdiccional presentada por los peticionarios, expresamos lo siguiente: “Dado los importantes intereses de ambas partes, es conveniente y necesario que el Tribunal de Primera Instancia celebre una vista evidenciaría en o antes del 12 de junio de 2014 y como mínimo resuelva el caso en o antes del 26 de junio de 2014”. (Enfasis suplido y en el original). Doral et al. v. ELA et al. I, 191 DPR 95 (2014) (Resolución), resuelto el 6 de junio de 2014. Cónsono con ese dictamen, y posterior a la celebración de una vista argumentativa, el foro primario emitió una sentencia parcial en la cual acogió la petición de desestimación presentada por el Estado tras concluir que carecía de jurisdicción para atender la reclamación presentada por los peticionarios. Véase Caso Núm. CC-2014-0555, Ira Pieza, Apéndice, págs. 24-61.
Inconforme con esa determinación, los peticionarios acudieron al Tribunal de Apelaciones mediante un recurso de apelación. Caso Núm. CC-2014-0555, Ira Pieza, Apéndice, págs. 1-23. A su vez, presentaron ante nuestra consideración otro recurso de certificación intrajurisdiccional y una petición de auxilio de jurisdicción. Estos últimos dos recursos fueron denegados por este Tribunal en una resolución emitida el 20 de junio de 2014. Doral et al. v. ELA et al. II, 191 DPR 190 (2014) (Resolución), resuelto el 20 de junio de 2014. Ahora bien, nuevamente expresamos que “debido a los intereses apremiantes de todas las partes, instamos al Tribunal de Apelaciones a disponer del recurso ante su consideración en o antes del 26 de junio de 2014”. Id.
*425 En reconocimiento a la urgencia que caracteriza el caso para ambas partes, el 1 de julio de 2014 el Tribunal de Apelaciones emitió una sentencia en la que revocó el dictamen del Tribunal de Primera Instancia. Véase Caso Núm. CC-2014-0555, 3ra Pieza, Apéndice, págs. 697-735. Así, el foro apelativo intermedio concluyó que el foro primario erró “al determinar que el foro judicial carece de jurisdicción sobre la materia y, en consecuencia, al desestimar la causa de acción de la parte apelante”. íd., pág. 734. Por lo tanto, devolvió el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.
Dos días después de esta determinación, los peticionarios acudieron al Tribunal de Primera Instancia mediante una Moción Urgente al Tribunal. Caso Núm. CC-2014-0555, 3ra Pieza, Apéndice, págs. 751-754. En esta, solicitaron que el foro primario emitiera una resolución en la que ordenara al Departamento de Hacienda “a honrar sus obligaciones contractuales con Doral y cumplir cabalmente con los términos y condiciones del Acuerdo Final de 2012 según pactados entre las partes”. íd., pág. 753. Esta petición fue denegada por el foro primario el mismo 3 de julio al entender que la solicitud era prematura, ya que al momento no se había recibido el mandato del Tribunal de Apelaciones. íd., págs. 755-756.
En esa misma fecha del 3 de julio de 2014, el Estado acudió en reconsideración al Tribunal de Apelaciones. Señaló que el foro apelativo intermedio erró al determinar que el Tribunal de Primera Instancia tenía jurisdicción para atender la presente controversia. Caso Núm. CC-2014-0555, 3ra Pieza, Apéndice, págs. 736-746. Esta moción fue denegada el 7 de julio de 2014. Ese mismo día, los peticionarios presentaron ante el Tribunal de Apelaciones una Moción Urgente y en Auxilio de Jurisdicción, en la que solicitaron, entre otros asuntos, el envío del mandato al Tribunal de Primera Instancia para la continuación de los procedimientos. íd., págs. 747-756.
*426 En oposición a esta solicitud, el Estado presentó una Urgente Oposición a Moción Urgente y en Auxilio de Jurisdicción. Caso Núm. CC-2014-0555, 3ra Pieza, Apéndice, págs. 762-771. Por una parte, sostuvo que la solicitud no procedía en términos procesales porque los peticionarios no cumplieron con la notificación simultánea requerida para una petición en auxilio de jurisdicción. Por otro lado, planteó que la solicitud tampoco se sostenía en términos sustantivos, ya que los peticionarios no lograron establecer la existencia de algún daño irreparable. Asimismo, expuso que acceder al curso de acción solicitado violentaría el derecho del Estado de recurrir en revisión ante este Tribunal Supremo.
Mediante una resolución emitida el 9 de julio de 2014, el Tribunal de Apelaciones declaró “no ha lugar” el petitorio de los peticionarios. Caso Núm. CC-2014-0555, 3ra Pieza, Apéndice, págs. 775-776. Según expuso, se ve imposibilitado de ordenar la continuación de los procedimientos porque ello conllevaría prescindir del término jurisdiccional de sesenta días con el que cuenta el Estado para presentar un recurso discrecional de certiorari ante este Tribunal.
No conforme con esta determinación, los peticionarios acudieron ante este Tribunal mediante una petición de certiorari y una Moción Urgente en Auxilio de Jurisdicción. Por un lado, estos señalaron en su recurso de certiorari que el Tribunal de Apelaciones erró “al denegar el envío del mandato al foro primario y/o la solicitud de un trámite ex-pedito para el presente caso”. Certiorari, pág. 4. Por otro lado, expusieron en su solicitud de auxilio de jurisdicción que de no resolverse el caso con la urgencia solicitada desde un inicio conllevaría que la controversia se tome académica, lo cual les ocasionaría daños irreparables. Posteriormente, el Estado presentó su posición sobre el particular mediante una Urgente Oposición Consolidada a Expedición de Auto de Certiorari y a Moción en Auxilio de Jurisdicción. En esta, solicitó que denegáramos el recurso presentado por los peti *427 cionarios por las mismas razones que expuso en su posición ante el foro apelativo intermedio.
Con el beneficio de la comparecencia de ambas partes y en ausencia de impedimento alguno para disponer de la controversia que hoy nos ocupa, expedimos el recurso de certiorari solicitado y procedemos a resolver sin trámite ulterior, conforme a las disposiciones de la Regla 50 del Reglamento de este Tribunal, 4 LPRAXXI-B.(1)
II
Como norma general, la correcta presentación de un escrito de apelación ante el Tribunal de Apelaciones tiene el efecto de paralizar todos los procedimientos en el Tribunal de Primera Instancia en cuanto a la sentencia o parte de la misma que se apela. Ahora bien, nuestro ordenamiento reconoce la autoridad del Tribunal de Apelaciones para ordenar al Tribunal de Primera Instancia la continuación de los procedimientos a pesar de la existencia de un trámite apelativo. Sobre ambas posibilidades, la Regla 52.3 de Procedimiento Civil, 32 LPRAAp. V, dispone lo siguiente, en su parte aquí pertinente:
(a) Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, ex-pedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en el mismo no comprendida en la apelación. (Énfasis suplido).
*428 Paralelo a ello, la Regla 18 del Reglamento del Tribunal de Apelaciones, 4 LPRAAp. XXII-B, establece:
(A) Suspensión— Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma, de la cual se apela, o a las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación. (Énfasis suplido).
De esta manera notamos que de los dos citados preceptos surgen los dos escenarios que mencionáramos. Por un lado, tanto las Reglas de Procedimiento Civil como el Reglamento del Tribunal de Apelaciones establecen la paralización automática de los procedimientos ante el foro primario al momento de la correcta presentación de un recurso de apelación ante el foro apelativo intermedio. Por otro lado, ambos cuerpos reglamentarios reconocen que el Tribunal de Apelaciones tiene la facultad de ordenar, ya sea por petición de parte o por iniciativa propia, la continuación de los procedimientos ante el Tribunal de Primera Instancia. Véanse: Colón y otros v. Frito Lays, 186 DPR 135, 145-150 (2012); R. Hernández Colón, Derecho procesal civil, 5ta ed., San Juan, LexisNexis de Puerto Rico, 2010, See. 5513, págs. 473-474; J.A. Cuevas Segarra, Tratado de derecho procesal civil, San Juan, Pubs. JTS, 2000, T. IV, See. 52.3, págs. 1545-1550. Claro está, ello como un ejercicio de una sana discreción que le asiste al Tribunal de Apelaciones que debe ejercerse de manera sabia y prudente, y el cual podría estar sujeto a revisión por parte de este Foro.
III
En el presente caso, el Tribunal de Apelaciones denegó mediante una resolución la solicitud que le hicieran los pe *429 ticionarios de ordenar al Tribunal de Primera Instancia a continuar con los procedimientos. Esto porque entendía que no tenía discreción para ello, ya que tal curso de acción presuntamente afectaría el derecho del Estado de acudir en revisión dentro del término jurisdiccional de sesenta días que establece las Reglas de Procedimiento Civil. Indudablemente, el Tribunal de Apelaciones erró en su razonamiento y proceder.
Como bien expusimos en las secciones que anteceden, este Tribunal ha expresado diáfanamente en dos ocasiones que la controversia en este caso representa un asunto de alto interés para ambas partes y el País. Por lo tanto, hemos sido consecuentes al establecer que el mismo debe ser atendido con premura y diligencia. Conforme a ello, una vez se determinó que los tribunales tenían jurisdicción para atender la demanda presentada por los peticionarios, el Tribunal de Apelaciones debió ejercer su discreción y ordenar la continuación de los procedimientos ante el Tribunal de Primera Instancia.
Tal acción, bajo ninguna circunstancia, violenta el derecho que le asiste a la parte adversamente afectada por la sentencia emitida por el Tribunal de Apelaciones —en este caso el Estado— de acudir en revisión ante nos. Simplemente, se trata de una medida procesal que permite la pronta continuación de los procedimientos, mientras el Estado decide si, en efecto, ejerce su prerrogativa de acudir en revisión ante este Tribunal Supremo mediante un recurso discrecional de certiorari.
IV
Por los fundamentos antes expuestos, y a tenor con las disposiciones de la Regla 50 del Reglamento de este Tribunal, supra, expedimos el recurso de “certiorari” solicitado y revocamos la resolución emitida por el Tribunal de Apelaciones el 9 de julio de 2014. Consiguientemente, ordenamos la *430 continuación inmediata de los procedimientos ante el Tribunal de Primera Instancia, conforme a la Sentencia que emitió el Tribunal de Apelaciones, hasta que otra cosa se disponga.

Notifíquese inmediatamente por fax, teléfono y por la vía ordinaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal del Supremo. El Juez Asociado Señor Estrella Martínez emitió una opinión de conformidad, a la cual se unió el Juez Asociado Señor Rivera García. La Jueza Presidenta Señora Fiol Matta disintió con una opinión escrita. La Juez Asociada Señora Rodríguez Rodríguez disintió con una opinión escrita, a la cual se unió la Jueza Asociada Oronoz Rodríguez. El Juez Asociado Señor Feliberti Cintrón se inhibió.
(Fdo.) Aida Xleana Oquendo Graulau

Secretaria del Tribunal Supremo

Opinión de conformidad emitida por el
Juez Asociado Señor Estrella Martínez, a la cual se une el Juez Asociado Señor Rivera García.
Invariablemente, he reiterado el firme criterio de que los pleitos revestidos de un interés público apremiante y cuyas repercusiones socioeconómicas son incuestionables, requieren una atención diligente de los foros judiciales para que la parte que le asista un remedio lo reciba de forma completa, oportuna y adecuada.(1)
*431 Sabido es que “ ‘[l]os estatutos que regulan la jurisdicción o la facultad de los tribunales de atender y resolver las controversias ante sí de la ciudadanía, son de alto interés público’, y [...] dicho interés urge el mayor acceso posible de los ciudadanos a sus tribunales de justicia”. (Corchetes en el original). Voto particular emitido por el Juez Asociado Señor Estrella Martínez en Alvarado Pacheco y otros v. ELA, 188 DPR 594, 658 (2013), citando a H.A. Sánchez Martínez, Derecho procesal apelativo, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, See. 102, pág. 4. Cuando aplicamos esas palabras en el quehacer de adjudicar, no debemos hacerlo selectivamente distinguiendo si se trata de un solo confinado, o de una corporación, o de cientos de servidores públicos. Con la libertad de haber sido consecuente en facilitar el mayor grado de acceso a la justicia, y convencido de que en el caso de marras hemos cumplido con esta crucial tarea, responsablemente estoy conforme con la determinación tomada por este Tribunal. Sin duda, las circunstancias particulares en que se desarrolla la controversia ante nos lo ameritan y requieren.
Luego de sopesar los intereses de todas las partes involucradas y consciente de la etapa procesal en que se encuentra la controversia, opino que el señalamiento de error alegado por la parte peticionaria no carece de méritos. Al atender con premura este señalamiento, otorgamos un remedio adecuado y cónsono con el acceso a la justicia; acceso que consecuentemente he protegido cuando las circunstancias fácticas y procesales así lo han exigido. Un rechazo a actuar por parte de este Tribunal en estos momentos, conllevaría la pesada carga de soslayar la urgencia que reviste este caso y, en consecuencia, troncharía el fin de evitar fracasos de la justicia. En consecuencia, no puedo avalar un proceder contrario del que he sido invariable y enérgicamente disidente.
Las particularidades de la controversia de epígrafe nos mueven a concluir que el Tribunal de Apelaciones incidió *432 al no ejercer su discreción de forma razonable. Como ex-pusimos, los méritos de este caso requerían que se actuara con premura y celeridad.(2) Con pleno conocimiento de ello y, sobre todo, con las facultades procesales para hacerlo así, el foro apelativo intermedio debió ejercer su sana discreción y ordenar la pronta continuación de los procedimientos ante el Tribunal de Primera Instancia. En otras palabras, la discreción del aludido foro judicial no operaba en el vacío ni de modo arbitrario, por lo que debió utilizarla sabiamente.
Al escoger su curso de acción, el foro intermedio ignoró las normas discutidas por lo que respetuosamente considero que abusó de su discreción, al no conceder un remedio reglado por la Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V, y la Regla 18 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Adviértase que la llamada discreción es una facultad del poder decisorio de los tribunales para escoger entre uno o varios cursos de acción. Véase Opinión de conformidad emitida por el Juez Asociado Señor Estrella Martínez en García López y otros v. E.L.A., 185 DPR 371, 394 (2012). Empero, es norma reiterada que esa potestad debe ejercerse conforme a lo razonable. Ello, en aras de alcanzar una solución justiciera que responda y produzca un remedio compatible con los intereses involucrados. Id.
En vista de que, como mencionamos, nos encontramos ante una disputa de marcado interés público y que alcanza indudables repercusiones socioeconómicas, este Tribunal no debe cruzarse de brazos. Todo lo contrario, se espera que los tribunales atiendan tales reclamos oportuna y diligentemente. Convencido de que la controversia de marras no debe representar una excepción a lo anterior, estoy conforme con expedir el caso en estos momentos y atender el único señalamiento de error que se encuentra ante nos, *433 a saber: conceder el remedio negado por el Tribunal de Apelaciones.
Entendemos que devolver el caso ante el foro de instancia para la continuación de los procedimientos, constituye el remedio oportuno, adecuado y completo que requiere el presente caso en esta etapa. Recordemos que hemos sido diáfanos en expresar que esta controversia es de alto interés tanto para las partes como para el País, por lo que requiere ser atendida con el rigor que amerita.
Máxime con el mensaje que nos transmite el Estado Libre Asociado en su escrito de oposición. En esencia, el Estado invoca el derecho a estratégicamente cruzarse de brazos para utilizar su reserva de 60 días en aras de acudir en revisión ante este Tribunal. Ciertamente, el dictamen que hoy emitimos no lacera ni trastoca el derecho que le asiste al Estado de recurrir, en el término estatutario, para solicitar la correspondiente revisión de la sentencia dictada por el foro intermedio. Ahora bien, los jueces y las juezas tenemos el deber de evaluar las repercusiones que tienen las estrategias de los litigantes. Es por ello que no podemos obviar las consecuencias que acarrea la estrategia legal del Estado Libre Asociado. Una de esas repercusiones es exponerse a que la parte contraria acuda al Poder Judicial en búsqueda de protecciones para que la controversia no se torne académica, ocurra un potencial daño irreparable o evitar que se obstaculice la sana administración de la justicia. Precisamente, ese es el remedio que diligente, responsable y oportunamente se le ha concedido a la parte peticionaria.
En fin, mientras el Estado ejerce su derecho de esperar estratégica y pacientemente para recurrir en revisión dentro del espacio de tiempo provisto por el legislador, esta Curia no puede soslayar considerar el reclamo presentado por la parte peticionaria. Conforme señalamos, sin entrar en los méritos de la controversia, el reclamo procesal es meritorio y nuestro ordenamiento jurídico cuenta con me *434 canismos para atenderlo. Por lo tanto, una actuación fundada en un insostenible automatismo inflexible daría al traste con la responsabilidad que debe descargar este Tribunal en controversias como la que hoy tenemos ante nuestra consideración.
Al amparo de los fundamentos que anteceden, avalo el dictamen que emite esta Curia.

 La Regla 50 del Reglamento del Tribunal Supremo, 4 LPRAAp. XXI-B, dis-pone lo siguiente:
“En situaciones no previstas por este reglamento, el tribunal encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes.
“Queda reservada la facultad del tribunal para prescindir de términos, escritos o procedimientos específicos para así lograr el más justo y eficiente despacho del caso o del asunto de que se trate”.

 Véanse: Opinión de conformidad emitida por el Juez Asociado Señor Estrella Martínez en Santana Báez v. Adm. Corrección, 190 DPR 9 (2014); Voto particular de conformidad emitido por el Juez Asociado Señor Estrella Martínez en AMPR et als. v. Sist. Retiro Maestros I, 190 DPR 77, 80 (2014); Voto particular emitido por el Juez Asociado Señor Estrella Martínez en Alvarado Pacheco y otros v. ELA, 188 DPR 594, 646 (2013).

 Para una discusión sobre el particular en el contexto de las mociones en auxilio de jurisdicción presentadas ante los foros judiciales, véase García López y otros v. E.L.A., 185 DPR 371 (2012).